UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL COLLINS,

        Plaintiff,

v.                                         CASE NO. 2:06cv11802

THE CITY OF HARPER WOODS,        PAUL D. BORMAN
THE CITY OF HARPER WOODS         UNITED STATES DISTRICT JUDGE
POLICE DEPARTMENT,
DETECTIVE TEATSORTH, and
JOHN DOE,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Earl Collins is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan. He has filed a motion for appointment of counsel and a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983. Defendants are: the City of Harper Woods, Michigan; the Police Department for the City of Harper Woods; Detective Teatsorth, a detective for the Harper Woods Police Department; and John Doe, an unidentified detective for the Harper Woods Police Department.

The complaint makes the following allegations. While Plaintiff was detained on pending charges at the Wayne County Jail, defendants Teatsorth and John Doe visited him and questioned him. Plaintiff told the detectives that he had nothing to say in the absence of his attorney. A few days later, Plaintiff was transported to the Harper Woods Police Department for questioning. Teatsorth and Doe informed Plaintiff that they were going to raid his house and

"get" him and his brother for the crimes.  The detectives refused to let Plaintiff call his attorney unless he informed them what had happened.  Plaintiff was detained for another ten hours until Wayne County officials picked him up.  On the following day, he went back to the Harper Woods Police Department and was arraigned on charges about which he had no knowledge.  Teatsorth and Doe stated that they intended to put Plaintiff and his brother behind bars.  They called Plaintiff's home and then reported back to Plaintiff that his brother had told them everything.  Shortly afterwards, a deputy Wayne County sheriff arrived, and Plaintiff was returned to the Wayne County Jail.  The prosecutor ultimately dismissed the Harper Woods case because one Timothy Kushiner informed defendants Teatsorth and Doe that Plaintiff was not the culprit.  The detectives nevertheless threatened to "get" Plaintiff and to have the complainant identify him as the robber.

## II.  Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous because Plaintiff has not specified any grounds for relief. The complaint contains a statement of facts, but no claims. Although the Court is required to hold the allegations of a *pro se* litigant to less stringent standards than the formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990).

Furthermore, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). Although local governments are considered "persons" under § 1983, they cannot be held liable unless their policies or customs caused the alleged constitutional violations. *Id.* at 694. "[S]uch a showing requires demonstrating a 'direct causal link' between official action and the deprivation of rights, such that the 'deliberate conduct' of the governmental body is the 'moving force' behind the alleged injury." *Waters v. Morristown, Tenn.*, 242 F.3d 353, 362 (6th Cir. 2001).

Plaintiff has not identified a municipal custom or policy and linked that custom or policy to the conduct of Teatsorth and Doe. For this additional reason, Plaintiff has not stated a claim against the City of Harper Woods and its police department.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law. Consequently, the motion for appointment of counsel [Doc. #3, Apr. 14, 2006] is DENIED, and Plaintiff's complaint [Doc. #1, Apr. 14, 2006] is DISMISSED in its entirety as frivolous and for failure to state a claim. 28

U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous as well and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 2, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 2, 2006.

        S/Jonie Parker
        Case Manager